## JAMES PAYNE *v.* THE STATE.

1. ASSAULT WITH INTENT TO MURDER.—It is not essential that the indictment allege the weapon used in an assault with intent to murder.

2. DRUNKENNESS.—Voluntary intoxication is no defence for crime.

APPEAL from the District Court of Hopkins. Tried below before the Hon. G. J. CLARK.

*Hunter & Putnam* and *King & Blythe*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. The charge, as set out in the indictment, is that the defendant "did then and there an assault make in and upon the body of one William Oxford, with his express malice aforethought, and with the felonious, fraudulent intent him, the said William Oxford, then and there to murder," etc.

A similar indictment, one almost identical in the language in which it was couched, was passed upon by this court in

*Montgomery* v. *The State*, 4 Texas Ct. App. 140, and was held good. See also *Nash* v. *The State*, 2 Texas Ct. App. 362; *Hines* v. *The State*, 3 Texas Ct. App. 483.

No error was committed by the court in overruling defendant's motion to quash the indictment.

The only other question raised in the motion for a new trial and in the assignment of errors is, that the verdict and judgment are not supported by the evidence. It is contended that the evidence shows that defendant, at the time of the alleged commission of the offence, was intoxicated to such a degree as to be irresponsible for his actions. " Voluntary intoxication constitutes no defence for crime. To preserve his rationality is a duty which every one owes to others, and to society; and no injustice is done by holding one amenable for his acts done in a condition of voluntary intoxication." *Colbath* v. *The State*, 4 Texas Ct. App. 76.

In submitting the consideration of his condition to the jury, to be judged by them in coming at their verdict, the court certainly went as far as the defendant could reasonably ask, in the following extract, which we copy from the charge, viz.: " The jury are the sole judges of the facts and circumstances in proof before them. If the jury believe from the evidence that the defendant was capable of forming the intent to take life, and assaulted the party without provocation, with the specific intent to and for the purpose of killing him, then he would be guilty; otherwise, he would not be. If there was no intent to take life, and the assault was made with a deadly weapon, then the defendant would be guilty of an aggravated assault." This submitted the question most fairly for the defendant. No additional instructions were asked.

The evidence shows that defendant was intoxicated, but it does not show that he was bereft entirely of his reason;

and it most certainly shows him to have been possessed of a wicked, reckless spirit, regardless of all social duty, and fatally bent upon mischief.

Believing that there was a sufficiency of evidence to support the verdict and judgment, and seeing no error in the record requiring a reversal, the judgment of the court below is affirmed.

*Affirmed.*